UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEREMY DAVID HAFFNER, | CASE NO. C16-448-RAJ |
| Petitioner, | ORDER ON § 2255 MOTION |
| v. | |
| UNITED STATES, | |
| Respondent. | |

This matter comes before the Court on Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody." (Dkt. No. 1.) Upon consideration of the motion, responsive briefing, supplemental authority and relevant portions of the record, the Court GRANTS the motion .

**BACKGROUND**

On April 5, 2007, Petitioner plead guilty (1) to an amended information charging him with two counts of attempted bank robbery (18 U.S.C. § 2113(a)) and two counts of bank robbery  (18 U.S.C. § 2113(a)) (*United States v. Haffner*, CR06-451MJP); and (2) to a single count of bank robbery (18 U.S.C. § 2113(a)) (*United States v. Haffner*, CR07-113MJP).

In the written plea agreements filed with the Court (Dkt. No. 18, CR06-451; Dkt. No. 7, CR07-113), Petitioner accepted responsibility for the offenses and waived his right to appeal a finding of guilt (but not his right to seek collateral relief).  Both plea agreements reflected Petitioner's agreement he was a Career Offender within the meaning of United States Sentencing Guidelines ("USSG") § 4B1.1 and that his expected advisory Guidelines range was 151-188 months.  The government agreed to recommend a sentence at the bottom of the Guideline range, both sentences to run concurrently.

The Presentence Report ("PSR") contained Probation's finding that Petitioner was subject to a five-point career offender enhancement under USSG § 4B1.1, based on 2 prior felony convictions:

    1.  A 1992 conviction for Robbery in the First Degree under Washington law (92-1-03740-4), and

    2.  A 1997 federal conviction for bank robbery (CR96-432JCC).

PSR, ¶ 57.  The base offense level was calculated at 32, which was lowered to 29 because of a three-level reduction for acceptance of responsibility. *Id.* at ¶¶ 57-59.  The Criminal History category was found to be VI, resulting in an advisory Guideline range of 151-188 months. *Id.* at ¶¶ 58-59, ¶ 120.

In the sentencing memoranda filed by the parties (CR06-451, Dkt. Nos. 21 and 22), both sides agreed that Petitioner was a career offender under the Guidelines, and stipulated to the advisory range of 151-188 months.  The government recommended a 151-month sentence. (Dkt. No. 22 at 2.)

1    At Petitioner's sentencing hearing, the Court found his total offense level to be 29, his

2 Criminal History category to be level VI, and his advisory Guidelines range to be 151-188

3 months. (Sentencing Transcript ["TR"], Ex. 1 to Petitioner's Opening Brief, Dkt. No. 10, at 8-

4 9.) During the hearing, neither counsel nor the Court made any specific mention of the career

5 offender enhancement under USSG 4B1.1, although the Court noted that it had reviewed the plea

6 agreement, the sentencing memoranda, and the presentence report, and was applying the

7 sentencing range as calculated by Probation. (TR at 2, 8-9.) The Court imposed a 151-month

8 sentence, to run concurrently in both cases. (TR 11.) Following imposition of sentence, defense

9 counsel requested that the Court credit Petitioner for his time in state custody; the Court granted

10 that request and reduced the sentence to 148 months of imprisonment to run concurrently. (TR

11 13.)

12    With the career offender enhancement, Petitioner's sentencing range is 151-188 months,

13 based on a total offense level of 29 and a criminal history category of VI. (PSR, ¶ 120.) Without

14 the career offender enhancement, his sentencing range is 140-175 months, based on an offense

15 level of 28 and a criminal history category of VI. (PSR, ¶¶ 18-59; CR06-451, Dkt. No. 21 at 7.)

16                                    **DISCUSSION**

17    **A.  Legal Standard**

18    A motion under 28 U.S.C. § 2255 allows an incarcerated federal prisoner to collaterally

19 challenge his or her sentence because it was imposed in violation of the Constitution or laws of

20 the United States, because the Court lacked jurisdiction to sentence the prisoner, or because the

21 sentence was in excess of the legally-authorized maximum. § 2255 sets out a one-year statute of

22 limitations, but provides that a motion is timely filed if done so within one year of "the date on

23 which the right asserted was initially recognized by the Supreme Court, if that right has been

24

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3).

Petitioner's motion to vacate is based on the Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 2551 (2015), where the portion of the "residual clause" of the Armed Career Criminal Act ("ACCA") defining "violent felony" as any felonious crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" (18 U.S.C. § 1942(e)(2)(B)(ii)) was found to be "unconstitutionally vague." 135 S.Ct. at 2557. Based on that finding, the Supreme Court held that "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* Subsequently, the Court held that *Johnson* applies retroactively to defendants whose sentences were enhanced under the ACCA's residual clause. *Welch v. United States,* 136 S.Ct. 1257, 1265 (2016).

In the case before the Court, Petitioner was sentenced, not as a career offender pursuant to the ACCA, but under the USSG, which also includes a definition of "crime of violence" nearly identical to the ACCA residual clause. (*See* USSG § 4B1.2(a)(2), providing that a "crime of violence means any offense… [that] otherwise involves conduct that presents a serious potential risk of physical injury to another"). The Ninth Circuit has held that it makes "no distinction between the terms 'violent felony' [as defined in the ACCA] and 'crime of violence' [as defined in the USSG] for purposes of interpreting the residual clause." *United States v. Spencer,* 724 F.3d 1133, 1138 (9th Cir. 2013).

Petitioner moves this Court, under 28 U.S.C. § 2255 to vacate his sentence as unconstitutional under *Johnson* and *Welch* and re-sentence him. Specifically, he contends that his prior convictions for first degree robbery under Washington law and bank robbery in violation of 18 U.S.C. 2113(a) no longer qualify as "crimes of violence" under USSG §

ORDER ON § 2255 MOTION- 4

4B1.2(b).  The Government responds (1) that Petitioner's claims are untimely; (2) that *Johnson* is inapplicable to the USSG; (3) that, even if it applies, *Johnson* announced a procedural rather than a substantive rule as applied to the USSG and therefore is not retroactively applicable to Petitioner's claims; (4) that Petitioner's claims are procedurally defaulted; and (5) that those claims fail on the merits.

**B.  Timeliness**

The Government first argues that, even if *Johnson* applies retroactively to the USSG (a point it does not concede), Petitioner's claims actually originate in rulings announced much earlier in *Descamps v. United States*, 133 S.Ct. 2276, 2284 (2013) and *Johnson v. United States*, 559 U.S. 353, 357-60 (2010) and thus are still untimely under § 2255(f)(3).

The Court declines this invitation to dive back into the muddier waters of earlier precedent.  First, "there is existing precedent for applying current case law when determining whether a constitutional error was harmless in the context of a motion under 28 U.S.C. § 2255." *United States v. Ladwig*, ___ F.3d ___, 2016 WL 3619640, *5 (E.D.Wash. June 28, 2016).  Second, public policy considerations favor the application of current law which resolves past ambiguities or outright inconsistencies.  There is much wisdom in the words of the *Ladwig* court:

> An inquiry that requires judges to ignore intervening decisions that, to some degree, clear the mire of decisional law seems to beg courts to reach inconsistent results.  Current case law has clarified the requisite analysis and applying that should provide greater uniformity, helping to insure that like defendants receive like relief.

*Id.*

**C.  Retroactivity**

The Government next argues that *Johnson* does not apply retroactively to sentences imposed under the USSG, a position which has found little favor in this District.  *See, e.g., Gibson v. United States*, Case No. C15-5737BHS; *Gilbert v. United States*, Case No. C16-

534JCC; *Pressley v. United States,* Case No. C16-510RSL.  For the reasons stated below, this Court concurs with the other judges of the District.

The rules of retroactivity were laid out in *Teague v. Lane*, 489 U.S. 288 (1989), which barred retroactivity of new constitutional rules of criminal procedure except in two circumstances: "new substantive rules" and "new watershed rules of criminal procedure, which are procedural rules implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 310.  Using the *Teague* framework, *Welch* found that *Johnson* announced a new substantive rule because it "alter[ed] the range of conduct or the class of persons that the law punishes." 136 S.Ct. at 1264-65.

The Government contends that, as applied to the USSG, the *Johnson* ruling amounts to a new procedural rule; i.e., a rule which "regulate[s] only the manner of determining the defendant's culpability." *Id.* at 1265.  This is so (the Government's reasoning goes) because "[t]he fact that the applicable Guidelines range exceeds the maximum statutory penalty does not authorize a sentencing court to impose a sentence above the maximum that Congress proscribed," as opposed to the ACCA.  (Dkt. No. 17, Gov. Response at 10.)

As the Government acknowledges, their position "may be in tension" with *Reina-Rodriguez v. United States*, 655 F.3d 1182 (9th Cir. 2011).  In fact, it is incompatible with controlling Ninth Circuit precedent as announced in *Reina-Rodriguez*, a case which makes no distinction between the application of *Johnson* to the ACCA and the USSG.  A new constitutional rule cannot be substantive in one context and procedural in another.  The Government's attempt to manufacture a dividing line between application of the rule to the ACCA and application to the USSG merely "creates a distinction where the Ninth Circuit found none," as another court in this District observed.  *See Pressley v. United States*, *supra*, Dkt. No.

18 at 4; *also Gilbert v. United States, supra,* and *United States v. Dean*, 2016 U.S. Dist. LEXIS 33094 at *50-51 (D.Or. Mar. 15, 2016).

The Government's additional argument in this regard, that in recognizing a vagueness challenge to the USSG the Court inevitably creates a new rule subjecting the USSG to challenges of constitutional vagueness, has likewise been rejected in this District. As the *Pressley* court stated:

> New rules are not created when a court merely applies principles governing prior decisions. *Teague v. Lane*, 489 U.S. 288, 307 (1989). *Reina-Rodriguez* shows that a rule that is substantive in the ACCA context is also substantive in the Sentencing Guidelines context. *Reina-Rodriguez*, 655 F.3d at 1188-89. The Ninth Circuit has also previously allowed vagueness challenges to the Sentencing Guidelines. *United States v. Johnson*, 130 F.3d 1353, 1354 (9th Cir. 1997). In light of the Supreme Court's decisions in *Jonson* and *Welch*, these precedents lead the Court to recognize the holding in *Johnson* as being retroactively applicable to the Sentencing Guidelines. No new rule need be created.

*Pressley, supra* at 5.

**D.  Procedural issues**

As the Government points out (and Petitioner does not dispute), Petitioner neither (1) disputed at sentencing that his prior convictions were "crimes of violence" under § 4B1.2, (2) argued that the Career Guidelines residual clause was unconstitutionally vague, nor (3) maintained that the state and/or federal robbery statutes under which he had been convicted did not qualify as "crimes of violence." Furthermore, Petitioner raised none of these claims on direct appeal. Thus, the Government contends, Petitioner is in procedural default and his claims are barred. The Court disagrees.

Petitioner may overcome procedural default by demonstrating "cause" (i.e., that his default was excusable) and "actual prejudice" (i.e., that he has suffered harm from the action that

forms the basis of his claim).  *See Bousley v. United States*, 523 U.S. 614 (1998).  The Court finds that Petitioner demonstrates both.

Regarding the first prong, the Supreme Court has held that "[c]ounsel's failure to raise a claim for which there was no reasonable basis in existing law does not seriously implicate any of the concerns that might otherwise require deference to a State's procedural bar." *Reed v. Ross*, 468 U.S. 1, 15 (1984).  Petitioner has demonstrated that the *Johnson* decision specifically overruled existing precedent (in this case, *Sykes v. United States*, 564 U.S. 1 (2011) and *James v. United States*, 550 U.S. 192 (2007)), overturned a longstanding and widespread practice to which a near-unanimous body of lower court authority had adhered and disapproved a practice which the Supreme Court itself had previously sanctioned (*see James* and *Sykes*).  Under *Reed*, this means that Petitioner has established that his claim was not "reasonably available" to him at the time he could have filed a direct appeal.  468 U.S. at 17.

Establishing "prejudice" under this test requires Petitioner to show there is a reasonable probability that, absent the error, the result of the proceedings would have been different. *Strickler v. Greene*, 527 U.S. 263, 289 (1999).  The Government's position is that Petitioner is foreclosed from claiming prejudice because the sentence he received is within the advisory Guidelines range that would have been applicable had he not been declared a Career Offender.

Striking the career offender enhancement would have reduced Petitioner's offense level from 29 (with a sentencing range of 151 to 188 months) to 28 (with a range of 140 to 175 months).  Were the Court to resentence Petitioner at the low end of the revised range and apply the same three-month credit time served previously applied, his sentence would drop from 148 months to 137 months, a differential of 11 months.  There are additional factors – *e.g.,* post-conviction rehabilitation -- that could reduce the sentence even further.  The Court finds no basis

for the argument that Petitioner's career offender enhancement did not affect his sentence, and finds a reasonable probability that the proceedings would have produced a different result had that enhancement not been factored into Petitioner's sentence.  There is no procedural bar to Petitioner requesting the relief for which he has petitioned the Court.

### E.  The merits of Petitioner's claim

Finally, the Government argues that, even if *Johnson* applies substantively to the USSG, Petitioner cannot prevail on the merits of his claim, a position which Petitioner naturally disputes.

§ 4B1.2 defines "crime of violence" as any federal or state offense punishable by more than a year in prison that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (2) "is burglary of a dwelling, arson, or extortion, involves use of explosives," or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another."  The three categories encompassed by this regulation are denominated, respectively, the "elements clause," the "enumerated offenses clause," and the "residual clause."  It is the residual clause of § 4B1.2 that the Courts of this and other districts have found, like the identical clause in the ACCA, to be unconstitutionally vague under *Johnson.*

To avail himself of the *Johnson* ruling, however, Petitioner must first establish that his predicate offenses (bank robbery under the federal statutes and first degree robbery as defined by Washington law) do not qualify under the enumerated or elements clauses.

Qualification under the enumerated clause is quickly dispensed with: robbery is not listed among the enumerated offenses.  The Government argues that the inclusion of "robbery" in Application Note 1 of the Commentary to the Guidelines incorporates robbery into the enumerated offenses of this section of the USSG – the Court does not agree.  The note to which

the Government refers is not, in the absence of the residual clause post-*Johnson*, consistent with the text of § 4B1.2(a). In such a situation, the Guideline (not the commentary) controls. *Stinson v. United States*, 508 U.S. 36, 38 (1993). Likewise, the Government's reliance on *United States v. Pereira-Salmeron* (337 F.3d 1148 (9th Cir. 2003) for its assertion that the offenses listed in the commentary are "*per se*" crimes of violence regardless of whether "force" or the "threatened use of force" are listed as elements is misplaced – that case concerned a different section of the USSG (§ 2L1.2) which lacks § 4B1.2's catchall "serious risk" language. The Ninth Circuit has cautioned against taking the *Pereira-Salmeron*'s language out of context. *United States v. Beltran-Munguia*, 489 F.3d 1042, 1049-50 (9th Cir. 2007).

Petitioner contends that neither of his predicate offenses falls under the elements clause of the USSG. As noted above, a "crime of violence" under the elements clause "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2. Case law requires that the physical force necessary to meet this definition must satisfy two requirements. First, "the phrase 'physical force' means *violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010)(emphasis in original). Second, "the use of force must be intentional, not just reckless or negligent." *United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015). The rule in the Ninth Circuit is that such analysis must be conducted "categorically;" i.e., the Court looks only to the definition of the offense, not to the underlying conduct of a particular offense. *United States v. Wenner*, 351 F.3d 969,972 (9th Cir. 2003). If the statute proscribes conduct not considered a crime of violence under § 4B1.2, it is overbroad and cannot qualify as a predicate offense. *Id.*

Turning first to Petitioner's prior conviction for bank robbery, the Court takes notice of the relevant portion of 18 U.S.C § 2113(a):

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money of any other thing of value belonging to, or in the care, custody, control, management, or possession of , any ban, credit union, or any savings and loan association.

Petitioner contends that, "[b]ecause an individual can be convicted of bank robbery for committing the robbery by 'intimidation,' and because intimidation does not necessarily require the threat of 'violent force,' bank robbery cannot categorically qualify as a crime of violence under USSG 4B1.2(a)(1)." (Dkt. No. 20, Reply at 31.) The Court does not agree, and has previously addressed this argument in *Brown v. United States*, C16-607RAJ:

> Intimidation, as defined by the Ninth Circuit, threatens force "that would put an ordinary, reasonable person in fear of bodily harm." *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990)(quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). Physical force, as defined by the Supreme Court, means "force capable of causing physical pain or injury." *Johnson I,* 559 U.S. at 140. The degree of force threatened by intimidation – "bodily harm" – falls squarely within the definition of physical force – "physical pain or injury." Other circuits have elaborated on this principle. For example, the Fourth Circuit has noted: "The logic… is straightforward. A taking 'by force and violence' entails the use of physical force. Likewise a taking 'by intimidation' involves the threat to use such force." *United States v. McNeal*, 818 F.3d 141, 153-54 (4th Cir. 2016)(quoting 18 U.S.C. § 2113(a))(holding that *Johnson I* is "entirely consistent" with decision concluding that § 2113(a) requires that threat of physical force)).

*Brown, supra*, Dkt. No. 12, Order at 4-5.

Nor is the Court persuaded by Petitioner's citation to the Ninth Circuit's recent decision in *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016). Petitioner quotes the language of the opinion that the threat of physical force which would satisfy the elements clause "requires some outward expression or indication of an intention to inflict pain, harm or punishment," as opposed to a mere "willingness" to do so. *Id.* at 980. The *Parnell* opinion does not, however, address a

statute which included "intimidation" as one of its elements and does not constitute the Ninth Circuit's pronouncement on whether that term qualifies as the "threatened use of physical force." This Court remains satisfied that it does.

Turning to the second, "intentionality" requirement, the Court also disagrees with Petitioner that "'intimidation' under the bank robbery statute can be accomplished without an intentional threat of physical force." (Reply at 31.) The *Selfa* opinion, wherein it was held that "[t]his court has defined 'intimidation' under section 2113(a) to mean 'willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm,'" (918 F.2d at 751), is inconsistent with a finding that robbery can be accomplished through unintentional conduct. "[T]o secure a conviction of bank robbery 'by intimidation,' the government must prove not only that the accused knowingly took property, but also that he knew that his action were objectively intimidating." *McNeal*, 818 F.3d at 155. *See also United States v. Inoshita*, No. 15-159-JMS, 2016 WL 2977237 at *6 (D.Haw. May 20, 2016); *United States v. Watson*, No. 14-751-01-DKW, 2016 WL 866298 at *7 (D.Haw. Mar. 2, 2016).

The Court is not persuaded by Petitioner's citation to *United States v. Foppe*, 993 F.2d 1444 (9th Cir. 1993). He seeks to equate that court's ruling that "[t]he determination of whether there has been an intimidation should be guided by an objective test focusing on the accused actions" (*Id.* at 1451) to a finding that "'intimidation' under the bank robbery statute can be accomplished without an intentional threat of physical force." (Reply at 31.) The *Foppe* opinion suggests no such thing. Characterizing § 2113(a) as a general intent crime is not the same thing as saying that it criminalizes unintentional conduct. The Ninth Circuit has stated clearly that "[a] general intent crime can satisfy the generic definition of a 'crime of violence.'" *United States v. Laurico-Yeno*, 590 F.3d 818, 822 (9th Cir. 2010); *see also McNeal*, 818 F.3d at 155 (conceding

the status of § 2113(a) as a general intent crime but nevertheless determining that it constitutes a crime of violence).

It is the conclusion of this Court that a violation of § 2113(a) is a crime of violence under the elements clause of § 4B1.2 and properly qualifies Petitioner as a career offender under the USSG.

Turning to Petitioner's conviction for robbery under the laws of the State of Washington, however, the Court finds that a different outcome is dictated.  Washington's First Degree Robbery statute states that:

> A person is guilty of robbery in the first degree if in the commission of a robbery or of immediate flight therefrom, he: (a) is armed with a deadly weapon; or (b) displays what appears to be a firearm or other deadly weapon; or (c) inflicts bodily injury.

RCW 9A.56.200  The crime of robbery is further defined as follows:

> A person commits robbery when he or she unlawfully takes personal property from the person of another… against his or her will by the use or threatened use of immediate force, violence or fear of injury to that person or his or her property or the person or property of anyone…

RCW 9A.56.190.

First degree robbery as defined in Washington has several features which render it unsuitable for career offender enhancement in the post-*Johnson* landscape.  It is overbroad, including elements of (1) "de minimis," not "violent," force[1]; (2) constructive force or "fear of injury" with no requirement that the fear result from the threatened use of force (*see State v. Collinsworth*, 90 Wn.App. 546 (1997)); and (3) the use or threatened use of force against

---

[1] In Washington, "[a]ny force or threat, no matter how slight, which induces an owner to part with his property is sufficient to sustain a robbery conviction." *State v. Ammlung*, 31 Wn.App. 696, 704 (1982).;

1 *property* (where § 4B1.2(a)'s "crime of violence" includes only the use of force against a
2 person).

3 The Government attempts to surmount the overbroad nature of the Washington statute
4 by citing to *United States v. Becerril-Lopez*, 541 F.3d 881 (9th Cir. 2008) for its argument that
5 the portion of the state-defined robberies which do not fit the federal generic definition of
6 robbery are equivalent to the enumerated federal offense of extortion. *Id.* at 890-91. This is
7 unavailing – *Becerril-Lopez* concerned § 2L1.2 of the USSG rather than § 4B1.2. As the Ninth
8 Circuit explained subsequently, the fact that robbery is excluded from the enumerated offenses of
9 this particular portion of the federal scheme (unlike § 2L1.2) means that the inclusion of
10 extortion does not dictate the outcome; the state statute still falls outside § 4B1.2 the Guidelines.
11 *United States v. Dixon*, 805 F.3d 1193, 1196 (9th Cir. 2015).[2]

12 Furthermore, Washington's first degree robbery statute is indivisible. A statute is
13 considered "divisible" when it "comprises multiple, alternative versions of the crime [such that]
14 a later sentencing court cannot tell, without reviewing something more, if the defendant's
15 conviction was for" a version of the crime which qualifies under the USSG or one which does
16 not qualify. *Descamps v. United States*, 133 S.Ct. 2276, 2284 (2013). By contrast, an indivisible
17 statute contains multiple, alternative *means* of committing the crime, and in Washington a jury
18 need not make a unanimous decision as to which alternative was used.

19 Under the Washington Pattern Jury Instructions, a jury deliberating a first degree robbery
20 charge need not agree on whether force or fear motivated the victim, or whether the force was
21 directed at a person or property. *See* WPIC 37.04 and 37.02. Therefore a judge reviewing that

---

23 [2] Nor does the Government cite any authority to support its conclusory argument that extortion under
Washington law is equivalent to the federal generic offense of extortion, or that Washington courts have held that
24 extortion is a "subset" of robbery.

conviction to determine whether it qualified under the USSG would be required to look beyond the charging information to consider "*Shepard* documents."[3] Because this is beyond the proper scope of the use of documents (*see Descamps*, 133 S.Ct. at 2287), indivisible statutes can only qualify a defendant for career offender status under the residual clause, a practice now considered unconstitutional. *United States v. Dixon*, 805 F.23d 1193, 1198 (9th Cir. 2015).

This portion of the ruling addresses the Government's argument that the fact that Petitioner was charged with a violation of a specific subsection of the Washington statute (which apparently involved display of a firearm) is sufficient to advise the Court of the precise elements of his prior offense. Because the statute is indivisible, the Court may not inquire beyond the Information into *Shepard* documents or the actual conduct to determine if there is a match to the generic federal offense. Significantly, the Information charges that Petitioner used or threatened the use of 'immediate force, violence and fear of injury to such person *or his property*." Dkt. No. 10, Petitioner's Memorandum, Ex. 2 (emphasis supplied).

Therefore, it is the finding of this Court that one of Petitioner's prior two convictions, under the Washington statute for first degree robbery, is disqualified by operation of *Johnson* from consideration under the Career Offender enhancement of the USSG. His previous sentence will be vacated and Petitioner will be resentenced.

## CONCLUSION

The Court finds that Petitioner was erroneously sentenced as a career offender in violation of the law. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is GRANTED. The Court VACATES and SETS ASIDE the judgment as to Jeremy Haffner in *United States v. Jeremy Haffner*, Case No. CR06-451 and CR07-113), Dkt. No. 27 (W.D. Wash.

---

[3] *See Shepard v. United States*, 544 U.S. 13, 20, 26 (2005), which addresses the review of various portions of a defendant's record, including the charging document, the plea agreement, or the sentencing transcript.

2007).  The Court will resentence Petitioner, permit him to submit objections to his Presentence Report pursuant to Federal Rule of Criminal Procedure 32(i)(1)(D), and allow both sides to argue for an appropriate and lawful sentence.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 23rd day of November, 2016.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER ON § 2255 MOTION- 16